**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

STEVEN J. SNELLING

v. Civil No. 26-cv-00147-JL-TSM

NEW HAMPSHIRE DEPARTMENT OF EMPLOYMENT SECURITY and COMMISSIONER RICHARD J. LAVERS, IN HIS OFFICIAL CAPACITY

**REPORT AND RECOMMENDATION ON**
**REQUEST FOR ENTRY OF DEFAULT**

Self-represented Plaintiff Steven J. Snelling brought this action against the New Hampshire Department of Employment Security ("NHDES") and its Commissioner, Richard J. Lavers. Doc. No. 1. The matter is before the court on Snelling's motion for entry of default against Defendants pursuant to Federal Rule of Civil Procedure 55(a). Doc. No. 5. Defendants, appearing specially, object on the ground that they were never served with process. Doc. No. 6. For the reasons that follow, the district judge should deny Plaintiff's motion.

## BACKGROUND

### *The Lawsuit*

Snelling commenced this action on February 3, 2026. Doc. No. 1. His complaint arises from NHDES's denial of his claim for Pandemic Unemployment Assistance ("PUA") benefits. Id. at ¶ 10. Snelling alleges that he was preparing to operate an independent event-hosting and rental business when the COVID-19 pandemic and his medical vulnerability disrupted those plans. Id. at ¶¶ 17-26. Although Snelling initially received PUA benefits, NHDES later retroactively determined that he was ineligible and sought repayment of the benefits previously paid. Id. at ¶¶

27-35. After pursuing administrative review and unsuccessfully seeking review in the New Hampshire Supreme Court, Snelling filed this action alleging that Defendants violated the CARES act, failed to follow controlling federal PUA guidance, denied him procedural due process under the Fourteenth Amendment, and violated his federal rights under 42 U.S.C. §1983. Id. at ¶¶ 9-16, 37-56. He asks the court to vacate the adverse administrative decisions, require reconsideration of his claim under the proper federal standards or order payment of benefits, and enjoin further recoupment efforts. Id. at pg. 11.

***Service on Defendants and Default***

On February 26, 2026, the clerk issued summonses to Snelling for NHDES and Commissioner Lavers and directed that the summonses and all attachments be served in accordance with Federal Rule of Civil Procedure 4. Doc. No. 2. On April 24, 2026, Snelling filed a document titled "Proof of Service." Therein, he stated that he mailed copies of the complaint and summons by certified mail, return receipt requested, to the Office of the Attorney General, NHDES, and Commissioner Lavers. Doc. No. 3 at pg. 1. Snelling included USPS tracking receipts, which reflect a delivery date of March 9, 2026. Id. at pgs. 4-9.

On June 9, 2026, Snelling moved for entry of default, asserting that Defendants failed to answer or otherwise respond to the complaint. Doc. No. 5. On June 23, 2026, Defendants appeared for the limited purpose of objecting to Plaintiff's motion. Doc. No. 6. The following day, Snelling requested the issuance of alias summonses, representing that he is "taking steps to cure service through Merrimack County Civil Process" and that he will file proof of service once service has been completed. Doc. No. 7.

## LEGAL STANDARD

The entry of a default is the first step in a two-step process that may culminate in the entry of a default judgment. See Universitas Educ., LLC v. Granderson, 98 F.4th 357, 377 (1st Cir. 2024) (citing Fed. R. Civ. P. 55(a)-(b)). Under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

The clerk's entry of a default is not automatic, however. "[B]efore a default can be entered, the court must have . . . jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process." Brown v. McConkey, No. 25-cv-77-LM-AJ, 2025 WL 3906246, at *1 (D.N.H. Nov. 18, 2025) (quoting Saunders v. First Magnus Fin. Corp., No. 17-cv-27-JL, 2017 WL 11404636, at *1 (D.N.H. May 26, 2017) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2682 (4th ed. 2016) (footnotes omitted)). A plaintiff's failure to effect proper service thus deprives the court of jurisdiction over the defendant and precludes the entry of default. See id.

## DISCUSSION

Defendants contend Plaintiff has not properly effectuated service and therefore, the entry of default is not justified. Specifically, they argue that service by certified mail is not a permissible method of serving a New Hampshire state agency or a state officer. Doc. No. 6 at pg. 3. Defendants also argue that under the Rules of Civil Procedure, Plaintiff cannot serve process himself. Id.

Rule 4 of the Federal Rules of Civil Procedure provides the proper procedures for effectuating service of process. Specifically Rule 4(j)(2) governs service upon a state or local government. Fed. R. Civ. P. 4(j)(2). Under the Rule, a plaintiff must either (a) deliver a copy of

the summons and the complaint to the government's chief executive officer, or (b) serve process "in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Alternatively, a plaintiff may request that a defendant waive service. Fed. R. Civ. P. 4(d).

In this case, Snelling does not assert that he asked Defendants to waive service. Instead, he claims "Defendants were served by certified mail, return receipt requested." Doc. No. 5. However, the Federal Rules do not authorize service by certified mail in these circumstances. See Fed. R. Civ. P. 4(j)(2); see Brown, 2025 WL 3906246, at *2 (concluding that the plaintiff's attempted service by certified mail did not effect proper service, and that Rule 4(i)(1)'s authorization of service by mail is confined to the United States and its agencies, corporations, officers, and employees). New Hampshire law also does not authorize service of original process upon a state agency or a state officer by certified mail. See RSA 510:2; RSA 510:2-a.[1] Accordingly, Plaintiff did not properly effectuate service of process on Defendants.

Snelling's attempt at service suffers from an additional defect. Rule 4(c)(2)-(3) requires that process be served by a nonparty who is at least eighteen years old, or by a United States Marshal, a deputy Marshal, or a person specially appointed by the court. Fed. R. Civ. P. 4(c)(2)-(3). A party to the action may not serve his own process. See Johnson-Richardson v. Univ. of Phoenix, 334 F.R.D. 349, 353 (D.D.C. 2020) (pro se plaintiff could not personally serve his own summons and complaint). Therefore, Snelling mailing the summons and complaint himself was improper under the rules.

[1] Although New Hampshire law permits an appellant to deliver a notice of appeal to NHDES by certified mail in connection with an appeal to the New Hampshire Supreme Court, see RSA 282-A:67, II, that mechanism is materially different from a plaintiff serving original process to commence a civil action in federal court.

Because Snelling has not served Defendants by any method authorized by Rule 4, the court has not acquired personal jurisdiction over them, and the predicate for the entry of default is absent. See Brown, 2025 WL 3906246, at *1-2. On this record, neither the clerk nor the court may enter Defendants' default. Accordingly, the district judge should deny Snelling's motion for entry of default against Defendants.

## CONCLUSION

For the reasons detailed herein, this court recommends that the district judge deny Plaintiff's motion for entry of default (Doc. No. 5) and afford Plaintiff additional time to properly serve Defendants. If the district judge accepts this recommendation, the clerk is directed to issue the new summonses to Plaintiff pursuant to his request for Alias Summonses (Doc. No. 7). Then, Plaintiff shall be afforded thirty (30) days from the date of the district judge's order to effect proper service of process upon Defendants.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The objection period may be extended upon motion. Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).



Talesha L. Saint-Marc
United States Magistrate Judge

October 15, 2026

cc: Steven J. Snelling, pro se
Counsel of Record